UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:13-CR-322-BR
NO. 5:14-CV-803-BR

| | | |
|---|---|---|
| CREADELL HUBBARD,<br> Petitioner, | )<br>)<br>) | |
| v. | )<br>) | ORDER |
| | )<br>) | |
| UNITED STATES OF AMERICA,<br> Respondent. | )<br>) | |

  This matter is before the court for initial review of a 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b). Also before the court is petitioner's "motion regarding privacy." (DE # 31.)

  In April 2014, petitioner pled guilty to possession of contraband in prison in violation of 18 U.S.C. § 1791(a)(2). On joint motion of the parties, the court sentenced defendant at the time of his arraignment. The court sentenced petitioner to 18 months imprisonment, to run consecutively to his undischarged term of imprisonment in Case No. 5:88-CR-40-BO (E.D.N.C.). Petitioner did not appeal. On 10 November 2014, he timely filed the instant § 2255 motion. (DE # 28.)

  In his § 2255 motion, petitioner asserts four claims: his guilty plea was not voluntary, ineffective assistance of counsel, the government's failure to advise the court of petitioner's pre-indictment assistance and cooperation, and he is no longer a career offender in light of Descamps

v. United States, 133 S. Ct. 2276 (2013). (Mot., DE # 28, at 4-8.)[1] The court addresses these claims in turn.

Petitioner first claims that because the government did not proffer any evidence from which the court could conclude a factual basis for the plea exists, his plea of guilty was not voluntary. (Id. at 4.) At the arraignment phase of the hearing, and after advising petitioner of his rights, the court asked petitioner, "Did you, as charged in this indictment, on or about January 28, 2013, you, at that time being an inmate in the Federal Correctional Institution in Butner, North Carolina, knowingly possess[] a prohibited object, that is an object designed and intended to be used as a weapon?" (4/1/14 Tr., DE # 32, at 14.) To which petitioner responded, "Yes, sir." (Id.) Thereafter, the court found that petitioner's plea was freely and voluntarily entered and that a factual basis exists for the plea. (Id.) Nonetheless, petitioner "contends that he did not admit to the core conduct of the offense charged, that the government offered at [his] sentencing hearing for the high end of the applicable guidelines. [sic] Because this relevant conduct information submitted by the government contained factual inaccuracies regarding the offense." (Mot., DE # 28, at 4.) The proffer made by the government during the sentencing portion of the hearing, (see 4/1/14 Tr., DE # 32, at 18), has no bearing on the voluntariness of petitioner's guilty plea. The court will not set aside petitioner's plea on this ground and will dismiss this claim.

Next, petitioner claims that counsel was ineffective (1) for not allowing him to enter a conditional plea of *nolo contendere* and (2) for waiving preparation of a presentence report ("PSR") pursuant to U.S.S.G. § 6A1.1. (Id. at 5.) The applicable legal standard for an

---

[1]Page number citations are to those page numbers generated by cm/ecf.

ineffective assistance of counsel claim is well established.

> To establish ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a petitioner must show both (1) that his counsel's performance was deficient and (2) that he suffered prejudice as a result. First, a defense attorney's performance is considered deficient if the "representation fell below an objective standard of reasonableness." *Id.* at 688. The Supreme Court has specified that because of the inherent difficulties in "eliminat[ing] the distorting effects of hindsight," courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, counsel's deficient performance results in prejudice if there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The mere conceivability of some effect on the outcome is insufficient. *Id.* at 693. Because of the deference due both trial counsel and the initial outcome under *Strickland's* respective prongs, "[s]urmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, ––– U.S. –––, –––, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010).

Estep v. Ballard, 502 F. App'x 234, 238 (4th Cir. 2012) (alterations in original).

Regarding petitioner's first allegation of deficient performance on the part of counsel, it would not have made any difference in the proceedings if counsel had "allowed" petitioner to enter a conditional plea of *nolo contendere*. A defendant does not have a right to enter such a plea, rather "Fed. R. Crim. P. 11(a)(2) grants the district court 'absolute discretion with regard to accepting or rejecting the conditional plea,' and the court 'can refuse to accept [it] for any reason or for no reason.'" United States v. White, 366 F.3d 291, 302 (4th Cir. 2004) (citations omitted) (alteration in original). Furthermore, counsel correctly informed petitioner that this court does not accept pleas of *nolo contendere*. (See Mot., DE # 28, at 5 ("Counsel replied to this request, 'that [sic] the District Court don't [sic] do Nolo Contendere pleas in the Eastern District of North

3

Carolina.'").)  Therefore, counsel's representation in this regard was not objectively unreasonable nor would it have made any difference in the proceeding had petitioner attempted to enter a conditional plea of *nolo contendere*.

Turning to petitioner's other allegation of counsel's deficient performance, petitioner argues that had counsel not waived preparation of the PSR, the PSR, if prepared, would have included information about the offense conduct.  (Id.)  Petitioner contends that he could have then objected to such information and suggests that he might not have been sentenced to the high end of the guideline range.  (See id.)

Given the circumstances here, it was not objectively unreasonable for counsel to waive the PSR.  Petitioner had been continually incarcerated since he was charged with, and convicted of, offenses in Case No. 5:88-CR-40-BO.  (4/1/14 Tr., DE # 32, at 15.)  The court reviewed the PSR prepared in conjunction with that case.  The parties agreed on the total offense level, criminal history category, and guideline range and that any term of imprisonment imposed was required to run consecutively to petitioner's undischarged term of imprisonment in Case No. 5:88-CR-40-BO.  (Mot., DE # 22, at 1-2.)  It was reasonable for counsel to waive the PSR.

In addition, petitioner was not prejudiced by the waiver of the PSR.  As petitioner recognizes, the government made the court aware of the circumstances surrounding the offense. (See Mot., DE # 5; 4/1/14 Tr., DE # 32, at 18.)  During the sentencing phase, petitioner apologized and asked the court to consider that he had been imprisoned for almost 26 years. (4/1/14 Tr., DE # 32, at 17-18.)  Petitioner had the opportunity to inform the court about his version of the events, but he did not do so.  In sum, petitioner cannot show that counsel was constitutionally ineffective, and therefore, his second claim fails.

Petitioner's third claim concerns the government's failure to inform the court at sentencing of petitioner's pre-indictment assistance and cooperation with prison officials. (Mot., DE # 28, at 7.) Setting aside the issue of whether petitioner is procedurally barred from raising this claim because he did not appeal, the court will consider it on the merits. Absent some agreement between the parties, such as a plea agreement, the government is not obligated to inform the court of a defendant's assistance to, or cooperation with, authorities. See United States v. Triana, 372 F. App'x 20, 23 (11th Cir. 2010) ("Although the government is bound by promises it makes to a defendant in order to induce a guilty plea, *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), the government cannot be compelled to do something that it did not agree to do in the first place.")). Also, as with the circumstances involving the offense, petitioner himself certainly could have informed the court of his assistance and cooperation at sentencing. He did not do so. Petitioner is plainly not entitled to relief on his third claim.

Petitioner's final claim is he is no longer a career offender based on the decision in Descamps. Like his third claim, the court will consider its merits despite that it may be procedurally barred. Petitioner's sentence in this case was not in any way driven by the fact that he is a career offender. His offense level was determined by reference to U.S.S.G. § 2P1.2(a)(2), (see Mot., DE # 22, at 1; 4/1/14 Tr., DE # 32, at 15), which is not influenced by career offender status. His criminal history category was based solely on his prior conviction in Case No. 5:88-CR-40-BO and on his committing the instant offense while incarcerated. (See Mot., DE # 22, at 2; 4/1/14 Tr., DE # 32, at 15.) Because petitioner was not deemed a career offender for purposes of this case, his claim is meritless.

5

For the foregoing reasons, the § 2255 motion is DISMISSED. Petitioner's other motion is construed as a motion to seal the document he filed in support of his third claim. The motion is ALLOWED. The Clerk is DIRECTED to maintain under seal those documents designated as "Exhibit A to Ground Three" which petitioner attached to his § 2255 motion.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 18 December 2014.

                              W. Earl Britt
                              Senior U.S. District Judge

6

Case 5:13-cr-00322-BR   Document 33   Filed 12/18/14   Page 6 of 6